UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-193 |
| | § | |
| WAL-MART STORES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered sua sponte this Court's determination of subject-matter jurisdiction over the above-styled action. For the reasons discussed below, this action is REMANDED pursuant to 28 U.S.C. § 1447(c) to County Court at Law No. 1, Nueces County, Texas, where it was originally filed and assigned Cause Number 00-62194-1.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rosa Garcia alleges as follows:

On October 6, 2008, Plaintiff Garcia, who is a resident of Texas, was shopping at a Wal-Mart Store in Corpus Christi, Texas. While shopping, she "slipped and/or tripped and fell due to an object and/or substance…." (D.E. 1, Ex. 4, p. 15.)  At the time of the accident, Defendant Chris Nieto was the manager of the Wal-Mart Store. (Id.)  Nieto is also a resident of Texas. (Id. at 14.)  Garcia sued Nieto, as well as several Wal-Mart-affiliated entities[1]. (Id. at 3.)  Specifically, Garcia alleges that Defendants "breached [their] duty of care [they] owed to Plaintiff" and were both negligent and grossly negligent in their failure to exercise ordinary care. (Id. at 15-16.)

---

[1] In particular, Wallace sued Wal-Mart Stores, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Stores Texas, L.P., and Wal-Mart Stores Texas, L.L.C.  (D.E. 1, Ex. 4, p. 14.)

## II.     DISCUSSION

### A.     General removal principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B. Diversity jurisdiction

#### i. Improper joinder

The removing Defendants claim that Texas citizen Chris Nieto was "improperly joined" as a Defendant. (D.E. 4, p. 4.)  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). As there is no allegation by Defendants of actual fraud in Plaintiffs' Operative Petition, the removing Defendants would have to establish improper joinder by demonstrating that there is no possibility of recovery by Plaintiffs against nondiverse Defendant Nieto. See Crockett, 436 F.3d at 532. The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [her state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308. Ordinarily, if the plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder. See Smallwood, 385 F.3d at 573. If the removing Defendants fail to establish

improper joinder, then there is not complete diversity of citizenship among the parties, and the Court does not have diversity jurisdiction over the case. See 28 U.S.C. § 1332, 1447(c).

### ii. Possible Recovery Against Nondiverse Defendants

Garcia alleged that "Nieto was guilty of negligence toward Plaintiff in the following respects: failing to schedule and assign adequate staff to reasonably inspect [and maintain] the premises [in a reasonably safe condition;] failing to supervise the stocking and maintenance of merchandise so as to prevent the activity from posing a risk to Plaintiff; [and] failing to adequately train staff in the proper inspection and maintenance of the subject premises and stocking and maintenance of merchandise." (Id. at 16-17.) Plaintiff alleges that Nieto "breached [his] duty of care [that he] owed to Plaintiff … and [was both] negligent and grossly negligent" in his "fail[ure] to exercise ordinary to protect Plaintiff." (D.E. 1, Ex. 4, p. 15-16.) Plaintiff has thus pleaded facts that, if true, give rise to a claim for negligence against Nieto. Accordingly, viewing all factual allegations in a light most favorable to Plaintiff, which the Court must, the removing Defendants have not met their heavy burden to show that Defendant Nieto was improperly joined in this case. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) ("To determine the validity of an improper joinder claim, we 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'") (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. Defendant Nieto, like Plaintiff, is a Texas resident. Therefore, the Court does not have diversity jurisdiction over this action. See 28 U.S.C. § 1332(a).

### III. CONCLUSION

For the reasons set forth above, this action is REMANDED to County Court at Law No. 1, Nueces County, Texas, where it was originally filed and assigned Cause Number 09-62194-1.

SIGNED and ORDERED this 11th day of June, 2010.

                                          Janis Graham Jack
                                        United States District Judge